ON REMAND FROM THE FLORIDA SUPREME COURT

TAYLOR, J.
This case is before the court on remand from the Florida Supreme Court in Pomfret v. Atkinson, 131 So.3d 719 (Fla.2013). The Florida Supreme Court quashed our court’s original decision, see Pomfret v. Atkinson, 53 So.3d 413 (Fla. 4th DCA 2011), and remanded for further proceedings in light of its decision in DelMonico v. Traynor, 116 So.3d 1205 (Fla.2013). Del- *1163 Monico held that an absolute privilege does not extend to alleged defamatory-statements made by an attorney during ex-parte, out-of-court questioning of a potential, nonparty witness. We conclude that the statements of appellee, who was countersued for defamation in his underlying suit for payment on promissory notes, were not absolutely privileged. However, the statements were protected by a qualified privilege, which the appellants failed to overcome. We therefore affirm the final judgment.
The underlying dispute between Paul Pomfret and John Atkinson arose out of Pomfret’s failure to repay Atkinson a süm of over $2 million owed on two promissory notes. When Atkinson demanded repayment, Pomfret refused and claimed that the money was not due. Atkinson then sued Pomfret and PDP Capital, LLC, for fraud in the inducement, conversion, breach of fiduciary duty, and payment under the two promissory notes. The gravamen of Atkinson’s lawsuit was that Pom-fret defrauded him by falsely representing that the funds he advanced under the notes would be invested and the profits split 50/50. Pomfret and PDP Capital brought counterclaims for defamation and breach of fiduciary duty.
At trial, Atkinson moved for a directed verdict on the defamation counterclaim related to Atkinson’s conversations with Dominic Cannavo, a potential witness whom Pomfret named in discovery. During the litigation, Atkinson allegedly told Cannavo, among other things, that Pomfret was a “crook.”
Atkinson testified that while he did initiate the call with Cannavo, his purpose was to tell Cannavo that he should prepare for the upcoming deposition.[1] Atkinson, who was aware that Cannavo had loaned Pom-fret $100,000, testified that he also wanted to advise Cannavo that if Pomfret “owes you $100,000, you should call him and get it.”
The legal basis for Atkinson’s motion for directed verdict on the defamation claim was that Atkinson’s statements to Cannavo were absolutely privileged under the litigation privilege. The trial court granted Atkinson’s motion for directed verdict on this issue, finding that any statements made after the lawsuit was filed were covered by the litigation privilege.
The jury found in Atkinson’s favor on every issue, and the trial court entered judgment accordingly. Pomfret appealed, raising several issues, including the directed verdict on the absolute privilege defense. We rejected all of Pomfret’s arguments, and, on rehearing, issued a per curiam affirmance with a citation to Del-Monico v. Traynor, 50 So.3d 4 (Fla. 4th DCA 2010). See Pomfret, 53 So.3d at 413.
In our decision in DelMonico, we held that the rule of absolute immunity, which extends to parties, judges, witnesses, and counsel involved in a judicial proceeding, shields an attorney’s statements during an interview of a potential witness if the statements bear some relation to the proceeding. 50 So.3d at 7.
However, the Florida Supreme Court quashed our DelMonico decision and held that Florida’s absolute privilege does not extend to alleged defamatory statements made by an attorney “during ex-parte, out-of-court questioning of a potential, nonparty witness in the course of investigating a pending lawsuit.” 116 So.3d at 1209,1218, 1220. The supreme court explained that *1164 Florida’s absolute privilege “was never intended to sweep so broadly as to provide absolute immunity from liability to an attorney” in these circumstances. Id. at 1208. Instead, a qualified privilege applies “to ex-parte, out-of-court statements, so long as the alleged defamatory statements bear some relation to or connection with the subject of inquiry in the underlying lawsuit.” Id. To overcome a qualified privilege, the- plaintiff must establish express malice. Id. That is, the plaintiff must “ ‘establish by a preponderance of the evidence that the defamatory statements were false and uttered with common law express malice — i.e., that the defendant’s primary motive in making the statements was the intent to injure the reputation of the plaintiff.’ ” Id. at 1220 (quoting Fridovich v. Fridovich, 598 So.2d 65, 69 (Fla. 1992)).
“Where a person speaks upon a privileged occasion, but the speaker is motivated more by a desire to harm the person defamed than by a purpose to protect the personal or social interest giving rise to the privilege, then it can be said that there was express malice and the privilege is destroyed.” Nodar v. Galbreath, 462 So.2d 803, 811 (Fla.1984). But if the occasion of the communication is privileged because of a proper interest to be protected, and the speaker is motivated by a desire to protect that interest, the speaker does not forfeit the privilege merely because he or she also in fact feels hostility or ill will toward the plaintiff. Id. at 811— 12. “The incidental gratification of personal feelings of indignation is not sufficient to defeat the privilege where the primary motivation is within the scope of the privilege.” Id. at 812.
Here, Atkinson’s statements bore some relation to or connection with the subject of inquiry in the underlying lawsuit. The statements were therefore protected by a qualified privilege. Furthermore, Pomfret failed to establish by a preponderance of the evidence that the statements were false and uttered with express malice, as required by DelMonico. Pomfret did not show that Atkinson was motivated primarily by a desire to harm Pomfret’s reputation, as opposed to being motivated by the legitimate purpose of warning Cannavo to get his money back from Pomfret. Moreover, any error in entering the directed verdict in favor of Atkinson on the issue of absolute immunity was harmless in light of the jury’s finding that Pomfret committed fraud. See Special v. Baux, 79 So.3d 755, 771 (Fla. 4th DCA 2011) (“[Hjarmless error occurs in a civil case when it is more likely than not that the error did not contribute to the judgment.”). The jury’s verdict confirmed that Atkinson’s statements were not false.
In short, Pomfret’s evidence was insufficient as a matter of law to carry the burden of proving that the statements were false and made with express malice. We therefore affirm the final judgment.

Affirmed.

CIKLIN and FORST, JJ., concur.

. Atkinson testified, however, that he did not tell Cannavo how to go about his preparations.